KELL v. ISAACS et al.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

FRAUDULENT CONVEYANCES—PROOF OF FRAUD.

In an action to set aside a conveyance as in fraud of creditors plaintiff proved that deposits in accounts of the firm of which the grantee was a member, and of another member of that firm, coincided in some respects with the amounts paid by the grantee on the purchase price. *Held,* that this did not establish the repayment of those amounts by the grantor to the grantee, against positive testimony to the contrary of both the grantor and grantee, who were witnesses for plaintiff, supported by other evidence.

Appeal from special term, New York county.

Action by Robert Kell against Solomon Isaacs, Esther Isaacs, and Leopold S. Weiner, brought by plaintiff, as a judgment creditor of defendant Solomon Isaacs, to set aside a conveyance made by said Isaacs and Esther Isaacs, his wife, to defendant Weiner, on the ground that it was made with intent to defraud creditors of Isaacs. Plaintiff appeals from a judgment for defendants entered on the dismissal of the complaint at the trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Blumenstiel & Hirsch,* for appellant. *Benno Loewy,* for respondents.

DANIELS, J. The plaintiff is a judgment creditor of the defendant Solomon Isaacs, who, on the 8th day of October, 1888, conveyed premises situated on Delancey street, in the city of New York, to the defendant Leopold S. Weiner, for the consideration of $222,000, subject to two mortgages, amounting to $14,000. This conveyance was alleged to have been fraudulent as to the creditors of Isaacs, on the ground that it was no more than a device to place the title in Weiner, and that the latter, pursuant to that understanding, had indirectly received back from Isaacs the amount of cash paid to him to complete the purchase. Proof was given of deposits afterwards made in the accounts of the firm of which Weiner was a member, and of another member of the firm, in some respects coincident with the amounts paid by the defendant Weiner to Isaacs on the purchase price. But they were certainly not so identical, in either amounts or dates, as to support the conclusion that they were portions of the moneys in this manner paid to Isaacs. And that there was no identity between the amounts received, and the amounts deposited, was the positive testimony of Isaacs, who was a witness for the plaintiff on the trial; for he testified that no part of the money received was returned to or for Weiner, but it was all used by himself, chiefly, if not wholly, in the payment of debts. And the defendant Weiner, by his evidence, given also as a witness for the plaintiff, was that the purchase was a *bona fide* transaction on his part, and not affected by any intent to defraud creditors; and that given by the book-keeper of the firm also tended to avoid the charge that the purchase was fictitious or fraudulent. The plaintiff's case was unsupported by proof, and for that reason it failed. There is no evidence whatever which would justify any different view to be now taken of it than that which prevailed at the trial, and the judgment should be affirmed, with costs. All concur.